# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| John Ervin Wilson, Jr., #295493, | ) | Case No. 9:21-cv-00523-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Ofc Givens, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 40) recommending that the Court deny Plaintiff's motion for a stay, or, in the alternative, to appoint counsel (Dkt. No. 38). For the reasons set forth below, the Court adopts the R&R as the order of the Court and denies Plaintiff's motion.

## I. Background

Plaintiff, a state prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights.

On June 3, 2021, Plaintiff filed a motion requesting that he remain housed at Kershaw Correctional Institution ("KCI"). (Dkt. No. 38 at 1). Plaintiff alleges he has learned that he is on an "institutional transfer list." Plaintiff alleges that because witnesses, documents, and videos pertaining to his case are located at KCI, any such transfer would hinder the prosecution of his case. (*Id.* at 1-2). Plaintiff also seeks appointment of counsel to assist him with various discovery matters. Defendants oppose Plaintiff's motion. (Dkt. No. 39).

On June 21, 2021, the Magistrate Judge filed an R&R recommending that Plaintiff's motion be denied in full. (Dkt. No. 40).

Plaintiff's motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Preliminary Injunction

To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

Plaintiff must "clearly" demonstrate that he is "likely" to succeed on the merits. *Real Truth About Obama*, 575 F.3d at 346–47; *Carcaño v. McCrory*, 203 F.Supp.3d 615 (M.D.N.C. Aug. 26, 2016). A party seeking a preliminary injunction must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Irreparable injury must be both imminent and likely; speculation about potential future injuries is insufficient. *Id.* at 22. Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd.*, 952 F.2d at 81

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with

making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion for a preliminary injunction and appointment of counsel be denied. As the Magistrate Judge notes, Plaintiff impermissibly seeks relief against individuals who are not parties to this action. (Dkt. No. 40 at 2); *see Abdullah-Malik v. Bryant*, No. 1:14-cv-109-RBH, 2015 WL 225740, at *3 (D.S.C. Jan. 16, 2015) ("[T]o the extent [Plaintiff] seeks to enjoin persons who are not parties to this lawsuit, Plaintiff's motion is improper."). Plaintiff further fails to establish an entitlement to relief, *Al-Haqq v. Scarborough*, No. 2:17-cv-534-TMC-MGB, 2017 WL 6033049, at *6 (D.S.C. Nov. 16, 2017) (noting prisoners "have no constitutional right to be housed in a particular correctional institution, in a particular unit of an institution, or at a particular custody level"), *report and recommendation adopted*, No. 2:17-CV-00534-TMC, 2017 WL 6026345 (D.S.C. Dec. 5, 2017), and, also improperly seeks relief not requested in Plaintiff's complaint or otherwise related to his claims, *Pew v. Wetzel*, No. 3:12-CV-1984, 2015 WL 10474859, at *3 (M.D. Pa. Oct. 30, 2015), *report and recommendation adopted*, No. 3:12-CV-1984, 2016 WL

948878 (M.D. Pa. Mar. 14, 2016). Last, and as explained in the R&R, Plaintiff has put forth no exceptional or unusual circumstances justifying appointment of counsel at this time.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 40) as the order of Court and **DENIES** Plaintiff's motion (Dkt. No. 38).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 13, 2021
Charleston, South Carolina