IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Ervin Wilson, Jr. | ) | Case No. 9:21-523-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Ofc. Givens, Lt. Riggins, Capt. Smith, | ) | |
| Major Commander, Dr. Burnham, | ) | |
| RN Williams, Captain Goodwin, Nurse | ) | |
| Jackson, Lt. Summers, Norwood, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant motions for summary judgment for all defendants except Nurse Jackson based on Plaintiff's failure to exhaust his administrative remedies before filing suit in federal court.[1] (Dkt. No. 67). Plaintiff, an inmate at the Lee Correctional Institution within the South Carolina Department of Corrections, filed this action *pro se*.

I. **Legal Standards**

  A. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

---

[1] The Clerk, on the motion of Plaintiff, made an entry of default regarding Nurse Jackson on October 6, 2021. The Magistrate Judge has before her a motion which appears to be a motion for an entry of judgment. (Dkt. No. 79). The Magistrate Judge will address that issue in due course and submit to the Court an R&R regarding Plaintiff's motion for an entry of judgment against Nurse Jackson.

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

### C. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655

(1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**II.     Discussion**

The Magistrate Judge ably described in detail that Plaintiff failed to exhaust his prison administrative grievance procedure prior to filing suit in federal court.  As the R&R sets forth, Plaintiff alleged he was subject to two instances of excessive or improper force in violation of his Eighth Amendment rights.  The record shows Plaintiff filed no grievance regarding the first of these two alleged incidents and completed the Step Two stage of the second alleged incident on March 18, 2021.  However, Plaintiff filed his lawsuit in United States District Court on February 18, 2021. (Dkt. No. 73 at 5-6).

It is well settled under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), that complete exhaustion of all administrative remedies is mandatory before a state inmate may file an action in federal court alleging deprivation of his legal rights by prison officials.  *Graham v. Gentry*, 413 Fed. Appx. 660, 663 (4th Cir. 2011).  A procedurally defective filing does not satisfy this mandatory requirement.  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). In the absence of evidence that the state provided administrative remedy is inadequate or unavailable, a failure to exhaust before filing is fatal to the prisoner's claim.  *Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Based on the facts set forth in the R & R, Plaintiff filed suit in this action prior to exhausting his administrative remedies. He has identified no evidence that the administrative remedies of the South Carolina Department of Corrections were unavailable or inadequate. Consequently, the Magistrate Judge correctly concluded that dismissal of this action is mandatory.

### III. Conclusion

Based on the foregoing, the Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No. 73) as the order of the Court. The motion for summary judgment (Dkt. No. 67) is **GRANTED** as to all Defendants except Nurse Jackson.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 14, 2022
Charleston, South Carolina