**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| John Ervin Wilson, Jr. | ) | Civil Action No. 9:21-523-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Nurse Jackson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation of the Magistrate Judge, (Dkt. No.89) (the "R&R"), recommending that Plaintiff's motion for hearing and motion for default judgment as to Defendant Nurse Jackson be denied. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, denies Plaintiff's motions, and directs the Clerk to close this case.

## Background

Plaintiff, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated within the South Carolina Department of Corrections ("SCDC") at the Kershaw Correctional Institution. (Dkt. No. 1). Plaintiff alleges Eighth Amendment claims against Defendant Nurse Jackson for deliberate indifference to a serious medical need. *Id.*

After all process was served, all Defendants except Jackson responded to the complaint.

On October 6, 2021, at Plaintiff's request, the Clerk of Court entered default as to Jackson. (Dkt. Nos. 64, 65).

As explained in detail in the R&R, on May 25, 2022, the Court entered a text order directing the clerk to send a copy of the public docket sheet to Jackson, as it was unclear whether Plaintiff had properly served his Request for Entry of Default on Jackson. (Dkt. No. 89 at 2 & n.1).

On June 14, 2022, the Court granted summary judgment to all Defendants except Jackson. (Dkt. No. 81). The Court found Plaintiff had failed to exhaust his administrative remedies prior to filing suit and that he had failed to identify "evidence that the administrative remedies of [SCDC] were unavailable or inadequate." (*Id.* at 4).

Plaintiff filed his motion for hearing on June 13, 2022, and his motion for default judgment on June 29, 2022. (Dkt. Nos. 79, 86). A copy of each of the Motions was mailed to Jackson at the same address where the Complaint was served on her. (Dkt. Nos. 84, 85, 87, and 88). Jackson has not filed any response or otherwise made an appearance in the action.

On August 1, 2022, the Magistrate Judge filed an R&R recommending that Plaintiff's motion for hearing and motion for default judgment both be denied and that the Court dismiss all claims against Jackson based on Plaintiff's failure to exhaust administrative remedies.

Plaintiff filed objections to the R&R. (Dkt. No. 91).

Plaintiff's motions are fully briefed and ripe for disposition.

## **Legal Standards**

### **a. Fed. R. Civ. P. 55(a)**

Once entry of default has been entered pursuant to Federal Rule of Civil Procedure 55(a), Rule 55(b) permits entry of default judgment against properly served defendants who failed to file responsive pleadings. In determining whether to enter judgment on the default, "[t]he court must . . . determine whether the well-pleaded allegations in [Plaintiff's] complaint support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, a defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated

as an absolute confession by the defendant of [her] liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citation omitted); *see also J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). Thus, it is for the Court to determine whether the facts, as alleged, support Plaintiff's Motion for Default Judgment and the relief sought. *See Ryan*, 253 F.3d at 780; *Romenski*, 845 F. Supp.2d at 705.

Additionally, "[i]f the court finds that liability is established, it must then determine damages." *Romenski*, 845 F. Supp. 2d at 706. "The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." *Id.*

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the Court reviews the R&R de novo.

### Discussion

After careful consideration of the R&R and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff's claims must be

dismissed for failure to exhaust and his pending motions denied.  As explained in the R&R, though Jackson defaulted, the Court nevertheless must determine "whether the well-pleaded allegations in [Plaintiff's] complaint support the relief sought in this action." *Ryan*, 253 at 780; *Id.* (further noting that a defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of [her] liability and of the plaintiff's right to recover"); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the Magistrate Judge, citing to this Court's previous order, noted that Plaintiff had not exhausted his administrative remedies, (Dkt. No. 81) ("The Magistrate Judge ably described in detail that Plaintiff failed to exhaust his prison administrative grievance procedure prior to filing suit in federal court. As the R&R sets forth, Plaintiff alleged he was subject to two instances of excessive or improper force in violation of his Eighth Amendment rights. The record shows Plaintiff filed no grievance regarding the first of these two alleged incidents and completed the Step Two stage of the second alleged incident on March 18, 2021. However, Plaintiff filed his lawsuit in United States District Court on February 18, 2021."), and that "[t]his finding applies equally to Defendant Nurse Jackson," (Dkt. No. 89 at 5).  To this last point, the Magistrate Judge observed:

> [A]dministrative exhaustion under [the Prison Litigation Reform Act, 42 U.S.C.] § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Although Defendant Nurse Jackson herself has not raised this defense, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross*, 578 U.S. at 639. Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion")).

(Dkt. No. 89 at 5).  Considering the above, the Magistrate Judge correctly recommended that Plaintiff's motions be denied, and his claims dismissed.

Plaintiff filed objections to the R&R, (Dkt. No. 91), which the Court overrules. Plaintiff argues that because Jackson did not respond to the complaint and a default was entered against her, he is per se entitled to a judgment in his favor. *See* (*id.* at 2-3, 5). As the R&R, explains, however, that is not the case. *See Jones*, 549 U.S. at 220 (noting "no unexhausted claim may be considered"). Exhaustion is "mandatory, and courts lack discretion to waive the exhaustion requirement." *Tillman v. Allen*, 187 F. Supp. 3d 664, 671 (E.D. Va. 2016) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)). As established by prior order and an examination of the record, (Dkt. No. 81 at 3), Plaintiff did not exhaust the claims at issue.  And as the Magistrate Judge correctly noted, per that ruling, Plaintiff's claims against Jackson must be dismissed, and his pending motions denied. *See Accardi v. Coley*, No. 5:20-CT-3093-FL, 2021 WL 4591682, at *3 (E.D.N.C. Sept. 17, 2021) (quoting *U.S. ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967))*, aff'd*, No. 21-7409, 2021 WL 6067227 (4th Cir. Dec. 20, 2021) ("Where the liability is joint and several or closely interrelated and a defending party establishes that plaintiff has no cause of action or present right of recovery, this defense generally inures also to the benefit of a defaulting defendant."); (Dkt. No. 89 at 6) (noting "Plaintiff failed to exhaust his administrative remedies in this matter as to the former defendants, including Dr. Burnham and RN Williams. Plaintiff's claim against Defendant Nurse Jackson for deliberate indifference to a serious medical need is essentially the same claim he raised against Dr. Burnham and RN Williams: failure to provide a shower to decontaminate the chemical munitions Plaintiff claims were used on him. Indeed, Plaintiff alleges Defendant Nurse Jackson denied him a shower because Dr. Burnham and RN Williams had denied him a shower.") (internal citations omitted).

<u>**Conclusion**</u>

For the reasons set forth above, the Court **ADOPTS** the R&R as the Order of the Court, (Dkt. No. 89), **DENIES** Plaintiff's motion for default judgment, (Dkt. No. 86), **DENIES** Plaintiff's motion for hearing, (Dkt. No. 79), and **DISMISSES** Plaintiff's claims against Defendant Nurse Jackson. The Clerk is directed to close this case.

**AND IT IS SO ORDERED.**


<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

October 24, 2022
Charleston, South Carolina